UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANKOR ENERGY LLC, ET AL.                                    CIVIL ACTION

VERSUS                                                                  NO. 24-1953

MERIT MANAGEMENT PARTNERS                      SECTION "R" (3)
I, L.P., ET AL.

## ORDER AND REASONS

Before the Court is the motion to dismiss[1] of defendants Merit Management Partners I, L.P., Merit Energy Partners III, L.P., and Merit Energy Partners, D-III, L.P. (collectively, "Merit Partners") under Federal Rule of Civil Procedure 12(b)(6). In the alternative, defendants move for a more definite statement under Federal Rule of Civil Procedure 12(e). Plaintiffs Ankor Energy LLC ("Ankor") and Ankor E&P Holdings Corporation ("AEPH") oppose.[2] For the following reasons, the Court denies the motions.

I.   BACKGROUND

This case arises out of defendants' alleged failure to pay a share of expenses to decommission wells, platforms, and other infrastructure

---

[1] R. Doc. 9.
[2] R. Doc. 11.

located on two federal oil and gas leases on the Gulf of Mexico outer-continental shelf ("OCS").[3] Plaintiffs allege that defendants were co-lessees and working interest owners of OCS Lease Nos. OCS-G 03587 and OCS-G 03171 with plaintiff AEPH and other third parties beginning on April 1, 2002.[4] These leases were allegedly governed by two separate, pre-existing operating agreements, dated August 1, 1977, and July 1, 1975.[5] Plaintiff Ankor did not own an interest in the leases, but instead was the operator that conducted operations on behalf of the interest owners pursuant to the operating agreements.[6]

In January 2011, Merit Partners allegedly assigned their interests in the leases to Black Energy Offshore Operations, LLC, which later assigned them to Northstar Offshore Group, LLC ("Northstar").[7] In 2016, Northstar filed for bankruptcy, and, two years later, the oil and gas leases terminated.[8] Plaintiffs allege that Ankor decommissioned the wells, platforms, and other facilities located on the leases on behalf of the working

---

[3]   R. Doc. 1 ¶ 3.
[4]   *Id.* ¶ 4.
[5]   *Id.* ¶ 9.
[6]   *Id.* ¶ 11.
[7]   *Id.* ¶ 6.
[8]   *Id.* ¶¶ 7 & 12.

2

interest owners and as required by federal regulations.[9] Northstar allegedly failed to pay its proportionate share of decommissioning expenses.[10]

Plaintiffs now seek recovery from defendants as Northstar's predecessor in interest for decommissioning expenses, and assert claims for breach of contract, legal subrogation, and, in the alternative, unjust enrichment.[11] Additionally, AEPH asserts that it is entitled to contractual subrogation under the terms of the operating agreements.[12] Defendants moved to dismiss on November 19, 2024.[13] Defendants contend that plaintiffs' complaint failed to satisfy the applicable pleading standards.[14] In the alternative, defendants move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).[15] Plaintiffs oppose the motions.[16] The Court considers the parties' arguments below.

---

[9] *Id.* ¶ 15.
[10] *Id.* ¶ 16.
[11] *Id.* ¶¶ 21-26, 32-50.
[12] *Id.* ¶¶ 27-31.
[13] *See* R. Doc. 9.
[14] *Id.*
[15] *Id.*
[16] R. Doc. 11.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss for Failure to State a Claim

Defendants' motion to dismiss is meritless. First, defendants fail to assert any grounds that would provide a basis to dismiss plaintiff's complaint. *See Lynch v. Fluor Federal Petroleum Operations, LLC*, No. 19-13200, 2021 WL 4355643, at *5 (E.D. La. Sept. 24, 2021) ("[E]very circuit court to address the issue . . . has interpreted Rule 12(b)(6) as requiring the movant to show entitlement to dismissal."(citing *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021)); *see also* 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1357 (4th ed. 2024) ("Ultimately, the burden is on the moving party to prove that no legally cognizable claim for relief exists.").

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must allege facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a

4

formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 257 (5th Cir. 2009) (citation omitted).

Defendants make no attempt to demonstrate that the factual allegations in plaintiffs' complaint fail to state a plausible claim for breach of contract, legal subrogation, contractual subrogation, or unjust enrichment. Nor does their motion discuss or even cite the applicable standards for stating a claim under any of the four theories of relief. Instead, defendants assert merely that the complaint lacks clarity and contains inadequate or confusing allegations.[17] These assertions, even if true, do not merit dismissal under Federal Rule of Civil Procedure 12(b)(6) if the complaint otherwise plausibly alleges facts raising a reasonable inference of a right to relief. *Iqbal*, 556 U.S. at 678.

Here, plaintiffs plausibly allege facts supporting a reasonable inference that defendants are liable for the conduct alleged. The complaint alleges that defendants were co-lessees and working interest owners in two

---

17 R. Doc. 1 ¶¶ 21-50.

5

identified oil and gas leases,[18] identifies their percentage interests in each lease,[19] identifies the operating agreement governing each lease,[20] identifies AEPH as a working interest co-owner and party to the operating agreements,[21] and identifies Ankor as the operator under the agreements.[22] Plaintiffs further allege that pursuant to the operating agreements, Ankor conducted all operations on the leases on behalf of the non-operating working interest owners, which agreed to pay their share of the costs, including the costs of required decommissioning of wells once the lease terminated.[23] The complaint alleges that Ankor performed the requisite decommissioning services on behalf of the non-operating owners,[24] and Merit Partners failed to pay their share of the expenses which exceeded $3 million.[25] Further, plaintiffs allege that AEPH and the other non-operating co-owners were forced to pay Merit Partners' share.[26] Accordingly, the Court finds that plaintiffs plausibly allege that Merit Partners' conduct breached the operating agreements and that plaintiffs are

---

[18] R. Doc. 1 ¶ 4.
[19] *Id.* ¶ 5.
[20] *Id.* ¶ 8.
[21] *Id.* ¶ 10.
[22] *Id.* ¶ 11.
[23] *Id.*
[24] *Id.* ¶ 15.
[25] *Id.* ¶ 19.
[26] *Id.* ¶ 20.

entitled to contractual damages from defendants for their share of decommissioning expenses,[27] or in the alternative, unjust enrichment.[28] Plaintiffs also assert plausible claims for contribution from Merit Partners in proportion to their virile share of the decommissioning costs on the theory of legal subrogation to the rights of the United States, which, as lessor, requires the operator and all lessees to decommission all wells, platforms, and other facilities located on the lease within one year of its termination.[29] *See* 30 C.F.R. § 250.1701.

Defendants complain that plaintiffs do not cite specific contract provisions in support of their claims.[30] "While litigants should, when possible, identify specific contractual provisions alleged to have been breached, Rule 8 does not require that level of granularity." *Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F. 4th 301, 309 (5th Cir. 2021) (finding that plaintiff "pled sufficient facts," and defendant was "not prejudiced" by the fact that the complaint "only generally alleged [the contractual] provisions" that defendant "breached" by failing to pay for contractor's services); *see also Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 731-32 (5th Cir. 2018)

---

[27]  *Id.* ¶ 25.
[28]  *Id.* ¶ 50.
[29]  *Id.* ¶¶ 34-36.
[30]  R. Doc. 10 at 3-4.

(rejecting the district court's conclusion that "to properly plead a breach of contract claim, a plaintiff must identify a specific provision of the contract that was allegedly breached"). Defendants' motion to dismiss must be denied.

### B. Motion for More Definite Statement

Defendants also fail to demonstrate their entitlement to a more definite statement under Federal Rule of Civil Procedure 12(e). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8, a complaint need not provide "detailed factual allegations" but must simply provide the plaintiff's grounds for entitlement to relief. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citation omitted). A district court will grant a party's motion for a more definite statement pursuant to Rule 12(e) when the pleading at issue "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion must state the defects in the pleading and the details desired. *See id.*

Given the liberal pleading standards set forth in Rule 8, Rule 12(e) motions are disfavored. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, Nos. 10-1333,

8

10-2296, 2012 WL 2087438, at *6 (E.D. La. June 8, 2012) (following *Mitchell*); *see also* 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1377 (3d ed. 2024) ("[A]s a result of the generally disfavored status of these motions, the proportion of Rule 12(e) requests granted by the district courts appears to have remained quite low."). Motions for a more definite statement are "not to be used to assist in getting the facts in preparation for trial," because "[o]ther rules relating to discovery, interrogatories and the like exist for this purpose." *Mitchell*, 269 F.2d at 132; *see also Coleman v. H.C. Price Co.*, No. 11-2937, 2012 WL 1118775, at *6 (E.D. La. Apr. 3, 2012) (recognizing that "the availability of extensive discovery is another factor in the disfavored status of the motion for more definite statement," because "[w]hen a defendant needs additional information to prepare for trial, discovery is the proper procedure instead of a Rule 12(e) motion").

  The Court finds that plaintiff's complaint provides adequate notice of the circumstances which give rise to their claims and provides adequate information to enable defendants to prepare a response. Defendants identify no missing information that cannot be obtained through discovery or that renders them unable to respond to the complaint. A Rule 12(e)

9

motion is not a substitute for discovery. The Court denies defendants' motion for a more definite statement.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motions to dismiss and for a more definite statement.

New Orleans, Louisiana, this __30th__ day of December, 2024.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE